NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0054n.06

No. 24-3735

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 30, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| ROSE MARIE LAWLESS, | ) | |
|     Plaintiff-Appellant, | ) ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| T. FINANCIAL SERVICES, LLC, dba Trinity Financial Services, LLC, | ) ) ) ) | |
|     Defendant-Appellee. | ) ) | OPINION |

Before: CLAY, GIBBONS, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Rose Marie Lawless sued Trinity Financial Services, LLC ("Trinity") for violating several state and federal consumer protections laws. The district court at summary judgment dismissed Lawless's federal claims for lack of standing and declined to exercise jurisdiction over her state claims. Lawless now appeals the decision on the grounds that she has standing to sue under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). For the reasons stated below, we **AFFIRM** the district court's order.

## I.   BACKGROUND

In May 2003, Rose Marie Lawless took out a second mortgage on her Ohio home to secure a loan for $28,000 (the "Loan"). Lawless acknowledges that she stopped making payments altogether in 2013 or 2014. In October 2018, Trinity became the owner of the Loan and filed an action to foreclose its mortgage in an Ohio Court ("Foreclosure Action") the following month.

However, in December 2019, Trinity's attorneys failed to appear at trial, and the Foreclosure Action was dismissed without prejudice. By that time, Lawless had paid her attorneys $6,685.00 to defend against the Foreclosure Action and incurred another $6,715.00 in outstanding attorney's fees and costs. Lawless also suffered from severe stress, exacerbating her diabetes, which was further worsened by the embarrassment she felt from receiving daily telephone calls, text messages, and letters from third parties aware of the Foreclosure Action expressing interest in buying her home.

While the Foreclosure Action was pending, Lawless filed the instant action asserting claims under several federal and state consumer protection laws including the FDCPA. Lawless alleges that Trinity violated these laws by filing and pursuing the Foreclosure Action and by failing to respond to certain letters her attorneys sent requesting information regarding her mortgage. On July 18, 2024, the district court granted Trinity's motion for summary judgment, dismissing Lawless's federal claims for lack of standing and declining to continue exercising supplemental jurisdiction over her state law claims. Lawless timely appealed that order on the grounds that the district court improperly dismissed her FDCPA claim for failure to demonstrate an injury in fact.

## II.   ANALYSIS

Standing determinations are reviewed de novo. *Shearson v. Holder*, 725 F.3d 588, 592 (6th Cir. 2013) (citing *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009)). To establish standing, a plaintiff must show (1) that she has suffered an injury in fact; (2) that her injury was caused by the defendant's conduct; and (3) that it is likely that the injury will be redressed by a favorable court decision. *Nikolao v. Lyon*, 875 F.3d 310, 315–16 (6th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Because standing doctrine comes from Article III's case-or-controversy requirement, it is jurisdictional and must be

addressed. *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019) (citing *Nikolao*, 875 F.3d at 315). At summary judgment, a plaintiff must establish each of the above elements "by affidavit or other evidence specific facts." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411–12 (2013) (internal quotation marks and citation omitted).

On appeal, Lawless argues that the district court erred when it determined that she lacked standing to bring her FDCPA claim because the "[c]osts, attorney's fees, and emotional harm incurred while defending against a foreclosure action are not the sorts of injuries that confer standing on a plaintiff seeking to recover damages against a mortgage company under the federal and state consumer laws relied upon in this case." R. 45, PageID 1355.

On this point, Lawless is correct. The FDCPA is an "extraordinarily broad statute" intended to protect consumers from unscrupulous debt collection practices wherever they might be found—including unscrupulous practices involving litigation. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 449–50 (6th Cir. 2014) (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)). Where a plaintiff like Lawless seeks to recover for attorney's fees incurred in separate foreclosure proceedings, we have squarely held that those fees "constitute a concrete, particularized injury." *Hurst v. Caliber Home Loans, Inc.*, 44 F.4th 418, 423–24 (6th Cir. 2022); *see also Bouye v. Bruce*, 61 F.4th 485, 490 (6th Cir. 2023) (applying *Hurst* to an FDCPA claim). Several district courts in this circuit have also held that personal humiliation, embarrassment, mental anguish, and emotional distress are all cognizable injuries under the FDCPA. *See Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 863 (6th Cir. 2020) (collecting cases involving FDCPA claims). At summary judgment, Lawless presented invoices for the several thousands of dollars in attorney's fees she incurred defending against the Foreclosure Action and testimony laying out

the emotional toll that the Foreclosure Action precipitated. The district court should have considered these injuries on their merits.

But an injury in fact is only the first requirement for standing, and, while the district court stopped its analysis there, this court has an independent duty to determine whether standing exists. *Kanuszewski*, 927 F.3d at 405. To satisfy the second standing requirement, a plaintiff must show "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Buchholz*, 946 F.3d at 866 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)). "[I]f the plaintiff caused h[er] own injury, [s]he cannot draw a connection between that injury and the defendant's challenged conduct." *Id.*

Relying primarily on *Buchholz*, Trinity argues that the attorneys' fees that Lawless incurred are not fairly traceable to her FDCPA claims because Trinity was entitled to bring the Foreclosure Action.[1] In *Buchholz*, this court held that the plaintiff failed to plead a fairly traceable connection between his purported injury—an undue sense of anxiety that he would be subject to legal action if prompt payment was not made—and the alleged FDCPA violation stemming from a series of letters he received because the plaintiff did "not dispute that he owed the debts, nor . . . allege that [the debt collector's] letters contained any inaccuracies." 946 F.3d at 867. The court reasoned that the lawful consequences of the plaintiff's failure to pay his debts broke the causal chain necessary to establish standing. *Id.*

In the present case, Lawless readily admits that she stopped making payments on the Loan. She failed to adduce any evidence at summary judgment demonstrating that Trinity violated the

---

[1] Though Trinity casts this as an injury-in-fact argument, it is best analyzed in terms of traceability. *See Buchholz*, 946 F.3d at 866 ("The D.C. Circuit, for example, has repeatedly stated that self-inflicted injuries are not even injuries in fact. . . . But the real point is that a self-inflicted injury fails the second standing prerequisite, traceability." (citations omitted)).

FDCPA specifically by bringing or continuing to pursue the Foreclosure Action.  Thus, Lawless can demonstrate that the attorney's fees she incurred are traceable to the Foreclosure Action, but not that they are traceable to any violation of the FDCPA, if such violation occurred.  At this stage of the litigation, establishing traceability between her attorney's fees and any FDCPA violation requires more.  *Clapper*, 568 U.S. at 411–12.

For this same reason, Lawless has not established that her emotional damages are traceable to an FDCPA violation.  While Lawless contends that "she would not have experienced the stress associated with the case" had Trinity not filed the Foreclosure Action, Appellant Br. at 15–16, she does not then draw a line between the Foreclosure Action and any FDCPA violation.  Directed by binding precedent, we must conclude that the emotional harm that Lawless suffered—absent evidence that the Foreclosure Action somehow violated the FDCPA—does not confer standing. *Buchholz*, 946 F.3d at 866–67.

## III.    CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's order on different grounds.